```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
DAVID RENNIE,                                                    :
                                                                 :
                            Plaintiff,                           :
                                                                 :          23-cv-2311 (LJL)
            -v-                                                  :
                                                                 :          MEMORANDUM &
TOP VIEW / GO NEW YORK TOURS / SOUTH EAST                        :              ORDER
PERSONNEL,                                                       :
                                                                 :
                            Defendant.                           :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

This case was removed by defendant Go New York Tours Inc. d/b/a TopView Sightseeing[1] ("Defendant") to this Court on March 17, 2023. *Pro se* plaintiff David Rennie ("Plaintiff") now moves to remand this case back to Supreme Court of the State of New York pursuant to 28 U.S.C. § 1447. Dkt. No. 6. For the reasons set forth below, the motion to remand is granted.

## BACKGROUND

Plaintiff commenced this action *pro se* on or about November 4, 2022, by filing a summons and complaint ("Complaint") in New York State Supreme Court, New York County. Dkt. No. 1-1. Defendant filed a notice of representation and received a copy of the Complaint from Plaintiff on February 16, 2023. Dkt. No. 1 ¶ 6.

On or about March 8, 2023, Plaintiff filed an amended complaint ("Amended Complaint") in New York State Supreme Court. Dkt. No. 1-2. In the Amended Complaint,

---

[1] Defendant is sued as "Top View /Go New York Tours / South East Personnel." Dkt. No. 1-1. However, Defendant claims that its name was improperly pleaded. Dkt. No. 14 at 1. The Court refers to the Defendant by its proper legal name.

Plaintiff alleges that, on or about October 3, 2022, Defendant wrongfully terminated his employment, released him from his weekly schedule as a bus driver, and "threatened [him] to confess to a violation," with such threat coming from the Director of Operations without union representation, after falsely accusing him of smoking within 100 feet of one of Defendant's buses.  Dkt. No. 1-2 at ECF p. 2.  Plaintiff alleges that on September 25, 2022, he refused to drive a defective bus, as he was permitted; the bus had a non-functional global positioning system ("GPS") and a defective audio system.  *Id.* at ECF p. 3.  As a result, he claims that he was wrongfully terminated.  *See id.*  He claims that the only evidence that supported his termination for smoking within 100 feet of the vehicle "was a blurry cell phone video with no depiction of actual smoke, no facial recognition, just the profile of a Black Male."  *Id.*  Management also attempted to terminate Plaintiff's employment without union representation.  *Id.*  Plaintiff claims that an email confession admitting to smoking an electric cigarette was fabricated and that a "Loop Inspection," claiming that he ran four red lights, sped on the West Side Highway, and had disruptive passengers, was also fabricated.  *Id.* at ECF p. 4.  Finally, Plaintiff alleges that in April 2022, he gave a twenty-plus page manual to the Operations Manager, which he spent "upwards of $400 . . . and many hours, days and months to complete."  *Id.* at ECF pp. 1, 3.  However, the manual was not returned after two requests.  *Id.*

   Plaintiff brings four causes of action: (1) wrongful termination based on his termination without tangible evidence for the violation of smoking within 100 feet of a commercial vehicle, *id.* at ECF p. 3; (2) discrimination because he was not promoted to a trainer and was terminated without union representation, *id.*; (3) "theft by deception" because Defendant failed to return the safety manual (the "Safety Manual Draft") that was his intellectual property, *id.*; and (4) falsifying business records in connection with the allegedly falsified evidence used to support

the termination of his employment, *id.* at ECF p. 4.  Plaintiff seeks damages, the retention of his employment, an apology, and an order that permits him only to communicate with managers not involved in the conduct giving rise to his claims.  *Id.*

On March 17, 2023, Defendant filed this notice of removal, invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331.  Dkt. No. 1 ¶ 10.  Defendant alleges that the Amended Complaint, read liberally, states a claim for copyright infringement in Count 3.  *Id.* ¶¶ 12–13.  Defendant also alleges that the Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, because the federal and state law claims arise out of a common nucleus of operative fact.  *Id.* ¶¶ 11, 14–18.

On March 20, 2023, Plaintiff filed this motion to remand.  Dkt. No. 6.  Defendant filed a memorandum of law in opposition to the motion to remand on April 3, 2023.  Dkt. No. 14.  Plaintiff did not reply.

## DISCUSSION

A motion to remand for lack of subject matter jurisdiction may be brought at any time while the action is pending in federal court pursuant to 28 U.S.C. § 1447(c).  The party seeking to remove an action from state court to federal court bears the burden of proving federal jurisdiction.  *See California Pub. Emps. Ret. Syst. v. WorldCom. Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *accord United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  As a general matter, "there is a presumption against removal, and uncertainties tend to weigh in favor of remand."  *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019).  "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability."  *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and citation omitted).

Section 1452(a) of Title 28 of the United States Code provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). "[R]emoval jurisdiction . . . is 'determined by reference to the well-pleaded complaint.'" *D'Alessio v. New York Stock Exchange Inc.*, 258 F.3d 93, 100 (2d Cir. 2001) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). "A cause of action arises under federal law only when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

Defendant grounds removal of this action on the allegations of Count Three of the Amended Complaint, which it argues seeks to protect Plaintiff's intellectual property—the training manual that he made—under the Copyright Act, 17 U.S.C. § 102. Dkt. No. 1 ¶ 13. Defendant argues that Plaintiff's allegations that he created intellectual property in the form of the Safety Manual Draft and that Defendant kept this intellectual property without his permission and without compensation invoke rights under the Copyright Act. *Id.* ¶¶ 12–13.

Count Three of the Amended Complaint alleges in full:

Count 3 – Theft by Deception

The twenty plus page double sided manual was given to Christopher Mercado (Operations Manager) in April of 2022 for review however, seemed like

4

> confiscation, after not receiving any feedback from 4/2022 to 9/2022, two requests were made for manual to be returned, once via e-mail 9/25/2022 and via text on 10/1//2022, manual draft was never returned and request were ignored. Plaintiff has receipts that show, upwards of $400 was spent from plaintiff [sic] own savings and many hours, days and months to complete Plaintiffs [sic] intellectual property.

Dkt. No. 1-2 at ECF p. 3.

Defendant argues that it "is both irrelevant and incorrect" that Count Three does not raise copyright claims "because federal copyright law completely preempts its state counterparts." Dkt. No. 16 at 3. It invokes what the Second Circuit has termed "statutory preemption." *See In re Jackson*, 972 F.3d 25, 42 (2d Cir. 2020).

Under the theory of statutory preemption, first enunciated by the Second Circuit in *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004), "the district courts have jurisdiction over state law claims preempted by the Copyright Act" regardless whether the claim formally invokes the Copyright Act. *Id.* at 305. A state law claim is statutorily preempted when each part of the two-part test for statutory preemption are satisfied: (1) "the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works"; and (2) "when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." *Id.* "The second prong looks at the right being asserted (over a work that comes within the 'subject matter of copyright') and requires (for preemption to apply) that the right be '*equivalent* to any of the exclusive rights within the *general scope of* copyright as specified by section 106." *In Re Jackson*, 972 F.3d at 44 (emphasis in original) (quoting 17 U.S.C. § 301(a)). "Section 106 defines the 'exclusive rights' granted by the federal copyright law, which consist of the rights 'to do and to authorize' the reproduction, distribution, performance, and display of a work, and the creation of derivative works based on a work." *Id.* (quoting 17 U.S.C. § 106). In other words, the right that is being asserted must be "equivalent to any of the exclusive rights

within the general scope of copyright as specified by section 106 [of the Copyright Act]." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 301 (2d Cir. 2022) (quoting 17 U.S.C. § 301(a)).

Applying that test, it is evident that Plaintiff's claim is not subject to complete or statutory preemption.  While the Safety Manual Draft qualifies as a work of authorship, Plaintiff has not asserted rights that are equivalent to any of the exclusive rights protected by the Copyright Act.  In his motion to remand, Plaintiff states definitively that he "at no time made a claim[] in regards to copyrights nor a claim or ownership to copyrights, patents or trademarks.  Plaintiff did not request any **payment** for Safety Manual Draft.  This is a fabrication and an insult to Plaintiff's intelligence and the intelligence of District Courts [sic] officials."  Dkt. No. 8 at 3-4 (emphasis in original) (cleaned up).  Reading both Plaintiff's memorandum and the Amended Complaint, it is apparent that the right that Plaintiff asserts is the right to the exclusive possession of the physical copy of the Safety Manual Draft and not a right to protect against the reproduction, distribution, or display of its contents.  He claims that he provided the Safety Manual Draft to Defendant for a limited purpose (a review by the Operations Manager) and that once that purpose was fulfilled, Defendant wrongfully kept the copy and deprived Plaintiff of his rights to exclusive control and possession of the draft.  His state law claim therefore sounds in conversion and not copyright and thus is not preempted.  *See Harper & Row Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539 (1985) ("Conversion, as thus described, is a tort involving acts—possession and control of chattels—which are qualitatively different from those proscribed by copyright law, and which therefore are not subject to preemption"); 6 William F. Patry, Patry on Copyright § 18:34 (2023 ed.) ("Proper conversion claims are limited to the wrongful exercise of dominion and control over tangible,

physical objects. Such laws pose no preemption problems."). Thus, no basis for federal jurisdiction exists.

      Defendant argues that Plaintiff's Amended Complaint must be "liberally construed in light of Plaintiff's pro se status." Dkt. No. 14 at 3. The Court rejects this contention. The Court would not find a basis for federal jurisdiction if the Amended Complaint were filed by a counseled party. It would be perverse and counter to the presumption against removal for the Court to find that there exists a basis for federal jurisdiction when a plaintiff's complaint does not raise an issue of federal law and the plaintiff specifically renounces any intent to assert rights equivalent to those protected by federal law, simply because the plaintiff is representing himself. *See De Masi v. Countrywide Home Loans, Inc.*, 2009 WL 111598, at *1–2 (S.D.N.Y. Jan. 12, 2009) (rejecting argument that plaintiff's removed complaint must be construed to allege the strongest claim plaintiff could assert and holding that "despite how the complaint *could* be construed, plaintiff clearly and unequivocally states that he is not pursuing any federal claim. Accordingly, I conclude, and respectfully recommend, that plaintiff[']s motion to remand should be granted"); see also *Marra v. Equifax Inc.*, 2020 WL 3883164, at *2 (S.D.N.Y. June 16, 2020), *report and recommendation adopted*, 2020 WL 3871361 (S.D.N.Y. July 9, 2020). Plaintiff has made clear that regardless of how the allegations could be construed—and the Court doubts that the allegations, even construed liberally would state a copyright claim—he only intends to state a claim for conversion. That is sufficient for the Court to grant Plaintiff's motion to remand.

      Plaintiff also seeks sanctions "at the court[']s discretion." Dkt. No. 6 at ECF p. 3. The Court declines to award Plaintiff sanctions.

## CONCLUSION

Plaintiff's motion to remand is GRANTED. The Clerk of Court is respectfully directed to remand this case to the Supreme Court of the State of New York, New York County and to terminate all pending motions.

SO ORDERED.

Dated: April 14, 2023
       New York, New York

                                          LEWIS J. LIMAN
                                    United States District Judge